IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK C. BROWER,<br>    Plaintiff | : | Civil Action No. 3:13-CV-1913 |
| v. | : | (Judge Nealon) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant | : | (Magistrate Judge Blewitt) |

FILED
SCRANTON
MAR 2 5 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

On July 12, 2013, the Plaintiff, Mark C. Brower, filed a complaint seeking review of the Commissioner of Social Security Administration's ("Commissioner") denial of his application for disability insurance benefits. (Doc. 1). A Report was issued by United States Magistrate Judge Thomas M. Blewitt on March 6, 2014 recommending that the case be remanded to the Commissioner. (Doc. 12). Objections to the Report and Recommendation ("R&R") were due on or before March 24, 2014. On March 20, 2014, the Defendant filed a letter waiving the opportunity to object to the R&R. (Doc. 13). Additionally, Plaintiff has not filed objections. After considering the review and reasoning of the Magistrate Judge, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa.

1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F.Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the case be remanded to the Commissioner for further development of the record and consideration of the medical evidence. (Doc. 12). The Magistrate Judge thoroughly reviewed the ALJ's decision and determined that the ALJ's findings were not adequately explained or supported in the record. (Doc. 12, pgs. 10-22). The Magistrate Judge also reviewed the ALJ's discussion of the sequential evaluation process. (Doc. 12, pgs. 4-6).

At step one of the sequential evaluation process, the ALJ found that Brower had not engaged in substantial gainful work activity since March 24, 2010, the alleged disability onset date. (Tr. 13). At step two, the ALJ found that Brower suffered from the severe impairments of coronary artery disease, cervical disc disease, minimal lumbar spondylosis, and polyneuropathy. (Tr. 13). At step three, the ALJ found that Brower did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 14). At step four, the ALJ determined that Brower is capable of performing his past relevant work as a security guard. (Tr. 14-17). The ALJ also determined that Brower has the residual functional capacity to perform light work. (Tr. 14-17). Brower was therefore found to be not disabled under the Act from March 24, 2010, the alleged disability onset date, through November 10, 2011, the date of the

ALJ's decision. (Tr. 17).

The Magistrate Judge determined that the ALJ failed to fully consider Brower's chronic fatigue, chronic lower back pain, and chronic chest pain, and failed to consider the combined effect of all of his impairments. (Doc. 12, pgs. 14-20). The Magistrate Judge also determined that the ALJ's hypothetical questions to the vocational expert did not include all of Brower's significant impairments, his limitations with standing and walking, and his regular use of a cane. (Doc. 12, pg. 15, 20-22). Therefore, the Magistrate Judge recommended that the case be remanded to the Commissioner for further development of the record. (Doc. 12, pgs. 22-23).

In the absence of objections, the Report and Recommendation will be adopted. An appropriate order follows.

**Date:** March 25, 2014

*[signature]*
**United States District Judge**